UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| JEAN HO-RATH, et al. | : |
| | : |
| v. | :   C.A. No. 12-546S |
| | : |
| TUFTS ASSOCIATED HEALTH MAINTENANCE ORGANIZATION, INC. | : : : |

**MEMORANDUM AND ORDER**

Pending before me for determination (28 U.S.C. § 636(b)(1)(A); LR Cv 72(a)) are Plaintiffs' Motions to Strike Objections and Compel Further Responses to Discovery. (Document Nos. 22 and 23). Defendant objects. (Document Nos. 26 and 27). A hearing was held on April 25, 2013. After reviewing the parties' Memoranda and considering the arguments of counsel and the applicable law,[1] Plaintiffs' Motions are resolved as follows:

A.     INTERROGATORIES

1.     Numbers 1-4. Defendant's Objections are sustained, and Plaintiffs' Motion to Compel is DENIED as to these Interrogatories. Most of the information requested should be ascertainable from the administrative record. If Plaintiffs' counsel contends that specific discoverable information sought by these Interrogatories cannot reasonably be gleaned from the administrative record, he may confer in good faith with Defendant's counsel in an effort to obtain

---

[1] Under the Supreme Court's decision in Metropolitan Life Ins. v. Glenn, 554 U.S. 105 (2008), and the First Circuit's decision in Denmark v. Liberty Life Assurance Co., 566 F.3d 1, 10 (1st Cir. 2009), discovery in ERISA cases beyond the administrative record is narrow and must be "[t]argeted" to the structural conflict issue. Here, it is undisputed that Defendant both administers the health benefit plan in issue, including making coverage determinations, and pays for covered benefits, which constitutes a structural conflict of interest and opens the door for some limited discovery on the issue.

the information through informal means and, if unsatisfied, may thereafter serve a targeted supplemental Interrogatory on Defendant.

    2.    Numbers 5-11. Defendant's Objections are sustained, and Plaintiffs' Motion to Compel is DENIED as to these Interrogatories.

    3.    Number 12. Defendant's Objections are overruled in part, and Plaintiffs' Motion to Compel is GRANTED in part as to this Interrogatory. Defendant shall, within twenty-one days, identify the steps taken by it, if any, to reduce bias in the claims handling and coverage determination process, or to incent or reward the denial of claims or noncoverage determinations.

    4.    Numbers 13-14. Defendant's Objections are overruled, and Plaintiffs' Motion to Compel is GRANTED. Defendant shall, within twenty-one days, fully answer these Interrogatories.

    B.    DOCUMENT REQUESTS

    1.    Numbers 2-4. Defendant's Objections are sustained, and Plaintiffs' Motion to Compel is DENIED as to these Requests. Most of these documents, to the extent that they were utilized in administering the claim in issue, should be contained in the administrative record. If Plaintiffs' counsel contends that specific discoverable documents sought by these Requests are not contained in the administrative record, he may confer in good faith with Defendant in an effort to obtain the documents through informal means and, if unsatisfied, may thereafter serve a targeted supplemental Request on Defendant.

    2.    Numbers 7 and 8. Defendant's Objections are overruled, and Plaintiffs' Motion to Compel is GRANTED as to these Requests. Defendant shall, within twenty-one days, produce to Plaintiff any documents responsive to these Requests.

      3.      Numbers 9-11. Defendant's Objections are sustained, and Plaintiffs' Motion to Compel is DENIED as to these Requests.

      4.      Numbers 12-14. Defendant's Objections are overruled in part, and Plaintiffs' Motion to Compel is GRANTED in part as to these Requests. Defendant shall, within twenty-one days, produce any responsive, nonprivileged documents which relate to steps taken by it, if any, to reduce bias in the claims handling and coverage determination process, or to incent or reward the denial of claims or noncoverage determinations.

SO ORDERED

  /s/ Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
April 25, 2013